IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

**DANA MATTHEWS**                                                                                                  **PLAINTIFF**

vs.                                                         No. 2:21-cv-71

**BAFFIN BAY CONVENIENCE STORE, LLC,**                                     **DEFENDANTS**
**and PHYLLIS UNTERBRINK**

## ORIGINAL COMPLAINT

COMES NOW Plaintiff Dana Matthews ("Plaintiff"), by and through her attorney Josh Sanford of Sanford Law Firm, PLLC, and for her Original Complaint ("Complaint") against Defendants Baffin Bay Convenience Store, LLC, and Phyllis Unterbrink (collectively "Defendant" or "Defendants"), she states and alleges as follows:

### I.    PRELIMINARY STATEMENTS

1.    This is an action brought by Plaintiff against Defendant for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. (the "FLSA").

2.    Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's failure to pay proper overtime compensation under the FLSA.

### II.   JURISDICTION AND VENUE

3.    The United States District Court for the Southern District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. Plaintiff was employed by Defendant within the Corpus Christi Division of the Southern District of Texas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

### III.   THE PARTIES

5. Plaintiff is an individual and resident of Kleberg County.

6. Separate Defendant Baffin Bay Convenience Store, LLC ("Baffin Bay"), is a domestic, limited liability company.

7. Baffin Bay's registered agent for service is Phyllis Kay Unterbrink, at 663 South FM 1546, Riviera, Texas 78679.

8. Separate Defendant Phyllis Unterbrink ("Unterbrink") is an individual and resident of Texas.

### IV.   FACTUAL ALLEGATIONS

9. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

10. Defendants operate a convenience store in Riviera.

11. Unterbrink is a principal, director, officer, and/or owner of Baffin Bay.

12. Unterbrink took an active role in operating Baffin Bay and in the management thereof.

13. Unterbrink, in her role as an operating employer of Baffin Bay, had the power to hire and fire Plaintiff, often supervised Plaintiff's work and determined her work schedule, and made decisions regarding Plaintiff's pay, or lack thereof.

14. Unterbrink, at relevant times, exercised supervisory authority over Plaintiff in relation to her work schedule, pay policy and the day-to-day job duties that Plaintiff's jobs entailed.

15. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, such as food and beverage products.

16. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

17. Defendants are employers within the meaning of the FLSA and were, at all times relevant herein, Plaintiff's employers.

18. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA.

19. Defendant employed Plaintiff within the three years preceding the filing of this lawsuit.

20. Specifically, Defendant employed Plaintiff from June of 2015 until February of 2021.

21. At all relevant times herein, Defendants directly hired Plaintiff, paid her wages and benefits, controlled her work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding her employment.

22. Plaintiff was employed as a cashier and was primarily responsible for assisting Defendant's customers, operating the cash register, cleaning the store and stocking the shelves.

23. Plaintiff, in the regular course of her duties, handled instrumentalities of interstate commerce such as credit cards and telephones.

24. Defendant classified Plaintiff as non-exempt from the overtime requirements of the FLSA and paid her an hourly rate.

25. Plaintiff regularly worked over 40 hours per week.

26. Plaintiff estimates she worked between 55 and 65 hours per week.

27. Defendants did not pay Plaintiff an overtime premium for hours worked over 40 each week.

28. Defendants kept track of Plaintiff's hours on a paper time sheet, which they photocopied and provided to Plaintiff at the end of each pay period.

29. Plaintiff frequently worked hours which went unrecorded and uncompensated.

30. Specifically, Plaintiff worked 1 to 2 hours each morning before her regular shift so that the store could be opened on time, and Defendant did not record these hours.

31. Defendant failed to pay Plaintiff for all hours worked.

32. Defendant failed to pay Plaintiff a proper overtime rate for all hours worked over forty each week.

33. Defendant knew or should have known that Plaintiff was working additional hours off the clock for which she was not compensated.

34. At all relevant times herein, Defendant has deprived Plaintiff of regular wages for all hours worked, and overtime compensation for all of the hours worked over forty per week.

35. Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

## V. CLAIM FOR RELIEF—VIOLATION OF THE FLSA

36. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

37. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

38. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

39. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40 unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

40. Defendant classified Plaintiff as non-exempt from the overtime requirements of the FLSA.

41. Defendant failed to pay Plaintiff for all hours worked, including 1.5x her regular rate for all hours worked in excess of 40 hours per week as required by the FLSA.

42. Defendant failed to pay Plaintiff an overtime premium for all hours worked over forty each week.

43. Defendant knew or should have known that its actions violated the FLSA.

44. Defendant's conduct and practices, as described above, were willful.

45. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's Original Complaint, plus periods of equitable tolling.

46. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

47. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VI.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Dana Matthews respectfully prays that each Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A. Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA and its related regulations;

B. Judgment for damages suffered by Plaintiff for all unpaid wages under the FLSA and its related regulations;

C. Judgment for liquidated damages owed to Plaintiff pursuant to the FLSA, and its related regulations;

D. An order directing Defendant to pay Plaintiff interest, a reasonable attorney's fee and all costs connected with this action; and

E. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF DANA MATTHEWS**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com